# TWIN CITY BOX FACTORY v. ADIRONDACK FIRE INSURANCE COMPANY.[1]

June 2, 1911.

Nos. 17,047—(112).

**Foreign law — pleading and proof.**
> Foreign laws are not judicially noticed. The common law of a sister state is presumed to be the same as in this state; but, if different, it must be pleaded and proved.

**Foreign statute — pleading and proof.**
> The statutory law of a sister state must be pleaded and proved.

Action in the district court for Hennepin county to recover $2,000 upon a fire insurance policy. Plaintiff demurred to the paragraphs of the answer numbered 3, 4, and 5; and moved for judgment upon the pleadings. The matter was argued before Dickinson, J., who ordered judgment in favor of plaintiff for $312.48. From the judgment entered pursuant to the order, defendant appealed. Affirmed.

*Francis M. Dolan, McKelvey & Favour, Alpheus H. Favour* and *Edwin C. Colwell,* for appellant.

*Wilson, Mercer, Swan, Ware & Stinchfield,* for respondent.

LEWIS, J.

Action by plaintiff, a Minnesota corporation, against defendant, a New York corporation, to recover $2,000 due under the terms of a fire insurance policy. The answer admitted the claim, but alleged:

"5. That thereafter, and before the said sum of $2,000 had been paid to the plaintiff herein by the defendant herein, and while the said $2,000 was still in the possession of the defendant, the Three States Lumber Company hereinbefore mentioned began an action against the Twin City Box Factory, the plaintiff herein, in the chancery court of Shelby county, Tennessee, to recover the sum of $250.18 principal and $7.50 interest, which the said Three States Lumber

[1]Reported in 131 N. W. 497.

Company claimed to be due it from the Twin City Box Factory, and the defendant herein, the Adirondack Fire Insurance Company, was made a codefendant in said suit, and there was issued out of said chancery court of Shelby county, Tennessee, an attachment, directed to the sheriff of that county, to levy and attach moneys in the possession of the Adirondack Fire Insurance Company within the state of Tennessee which might be due the Twin City Box Factory by said insurance company. That the said Adirondack Fire Insurance Company had one D. A. Fisher, a legally authorized agent in that state at the time that the said suit was begun and the attachment issued, and the said D. A. Fisher had in his possession more than $257.68 belonging to the Adirondack Fire Insurance Company, and that the said sheriff of Shelby county levied on said moneys and attached the same by a process of the chancery court of that county in the suit before mentioned begun by the Three States Lumber Company. That this defendant, the Adirondack Fire Insurance Company, has admitted that there was at least $257.68 in its possession owing to the plaintiff in this action, and the said sum of $257.68 is now held by said defendant, Adirondack Fire Insurance Company, in favor of the said sheriff of Shelby county, Tennessee, awaiting the mandate of that court, and the said Twin City Box Factory has been called upon to answer."

Plaintiff demurred to this part of the answer, on the ground that the facts stated did not constitute a defense, and the demurrer was sustained.

Foreign laws are not judicially noticed. The common law of a sister state, when different from that of this state, and the statutory laws of a sister state, must be pleaded and proved as other matters of fact. Dunnell, Minn. Digest, §§ 3453, 3789, 3790, where the cases are collected.

The answer alleges that an action was commenced against the plaintiff in the chancery court of Shelby county, Tennessee, by a Wisconsin corporation; that an attachment was issued in that suit, and levied on plaintiff's money in the possession of its agent in that county; but no facts are stated to indicate that the court had jurisdiction of the plaintiff. In this state such proceedings are regulated

by statute, and there is no presumption that the common law of Tennessee authorized the attachment. No statute or law is pleaded, and jurisdiction of that court cannot be presumed from the mere fact that an action was commenced and an attachment levied.

Affirmed.